IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TERI BONVICINO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 06-cv-0652-MJR |
| | ) | |
| SECURITY SERVICES OF AMERICA, LLC, | ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**REAGAN, District Judge:**

Now before this Court is plaintiff Teri Bonvicino's motion to remand (Doc. 8). For the reasons that follow, the Court **DENIES** that motion (Doc. 8).

**A.     Factual & Procedural Background**

On or about July 5, 2006, Plaintiff Teri Bonvicino commenced this lawsuit by filing a complaint in the Circuit Court, Third Judicial Circuit, Madison County, Illinois (*see* Doc. 12, Ex. 1, "Complaint"). In her complaint, Plaintiff alleges that she was physically and sexually assaulted by an employee of the defendant, SSA Security, Inc. d/b/a Security Services of America. *Id.* at p.1. Plaintiff asserts that Defendant's conduct constituted "a violation of Federal Statutes (Title VII of the Civil Rights Act of 1964) and State Fair Employment Practices Statutes." *Id.* at p. 2.

On July 25, 2006, Plaintiff served on Defendant a copy of the summons and complaint in this matter. Thereafter, on August 23, 2006, Defendant removed this action by filing a notice of removal with the Clerk of this Court (*see* Doc. 10, p. 1). Pursuant to this Court's Order of September 6, 2006 (*see* Doc. 11), Defendant filed an *electronic* copy of that document on September 7, 2006 (*see* Doc. 12). According to that document, Defendant is attempting to remove this matter, pursuant to **28**

**U.S.C. §§ 1441** and **1446,** based on federal question jurisdiction (Doc. 12, p. 2).

In response to Defendant's removal, on August 31, 2006, Plaintiff filed a motion to remand (Doc. 8). That motion now is before this Court. After reviewing the parties' pleadings and applicable law, this Court denies that motion (Doc. 8) for the reasons set forth below.

**B.      Analysis**

The United States Court of Appeals for the Seventh Circuit has emphasized that federal district courts "are obliged to police the constitutional and statutory limitations on their jurisdiction." *Krueger v. Cartwright,* 996 F.2d 928, 930 (7th Cir. 1993); *Joyce v. Joyce,* 975 F.2d 379, 386 (7th Cir. 1992); *Kanzelberger v. Kanzelberger,* 782 F.2d 774, 777 (7th Cir. 1986).

Stated another way, this Court's exercise of subject matter jurisdiction is constrained by the well-established rule that federal district courts must interpret the removal statute narrowly and "presume that the plaintiff may choose his or her forum." *Doe v. Allied-Signal, Inc.,* 985 F.2d 908, 911 (7th Cir. 1993). Any doubts regarding jurisdiction should be resolved in favor of remand to state court. *See Doe,* 985 F.2d at 911, *citing Jones v. General Tire & Rubber Co.,* 541 F.2d 660, 664 (7th Cir. 1976).

*Timeliness of Removal*

**28 U.S.C. § 1446(b)** provides that the notice of removal must be filed "within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." The 30-day "time period with which a defendant must remove a case to federal court begins upon receipt of the

complaint ... " *See Silva v. City of Madison,* **69 F.3d 1368, 1375 (7th Cir. 1995).** Here, this Court has already ruled that Defendant's notice of removal was timely filed, in that a paper copy of the notice was properly delivered to the Clerk of this Court on August 23, 2006 (*see* Doc. 10, Ex. A).

### *Federal Question Removal*

The federal question statute, **28 U.S.C. § 1331,** confers original jurisdiction on the federal district courts over all civil actions arising under the Constitution or laws of the United States. In assessing the propriety of removal based on federal question jurisdiction, the district court applies the well-pleaded complaint rule, which provides that a "cause of action arises under federal law only when the plaintiff's well-pleaded complaint raises issues of federal law." ***Moran v. Rush Prudential HMO, Inc.*, 230 F.3d 959, 966 (7th Cir. 2000),** *citing Metropolitan Life Ins. Co. v. Taylor*, **481 U.S. 58, 61 (1987).**

Here, the Court is not faced with a difficult analysis. As currently plead, Plaintiff's cause of action clearly arises under federal law, as the face of Plaintiff's complaint asserts that "the [complained of] conduct ... is a violation of *Federal Statutes* (Title VII of the Civil Rights Act of 1964) ..." (Complaint, p.2. ¶ 6)(emphasis added).

In moving to remand, Plaintiff refers to ***Yellow Freight System, Inc. v. Donnelly,* 494 U.S. 820 (1990),** for the proposition that "Federal Courts do not have exclusive jurisdiction over Civil Rights actions brought under [Title VII]" (Doc. 20, p.1). ***Freight Systems*** is inapposite to the issue before the Court. Regardless of whether federal courts have *exclusive* jurisdiction over Title VII cases, Plaintiff's reliance upon federal law in her cause of action makes this action removable and gives Defendant the right to remove pursuant to **28 U.S.C. §§ 1331** and **1446.**

Accordingly, because Plaintiff's cause of action arises under federal law**,** this Court **FINDS** that it enjoys subject matter jurisdiction over this matter pursuant to **28 U.S.C. § 1331** and **DENIES** Plaintiff's motion to remand (Doc. 8).

**IT IS SO ORDERED.**

**DATED this 27th day of December, 2006.**

<u>s/ Michael J. Reagan</u>
**MICHAEL J. REAGAN**
**United States District Judge**